

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

KDE/KCB
F.#2015R00270

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 30, 2019

By E-mail and ECF

Honorable Frederic Block
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. James Ciaccia, et al.
                  Criminal Docket No. 19-575 (FB)

Dear Judge Block:

       The government writes to respectfully request that the Court enter the enclosed proposed protective order concerning certain discovery materials as to the defendants James Ciaccia, Richard Martino and Michael Tarul on consent of the parties.[1]

I.      Background

       On December 4, 2019, a grand jury returned a sealed 26-count indictment against the defendants in this case (the "Indictment"). In Indictment, many of the defendants, including Richard Martino, are charged with, among other things, racketeering conspiracy for crimes they committed as part of their membership in and association with the Gambino organized crime family of La Cosa Nostra (the "Gambino family"), including, among other offenses, loansharking, wire fraud, bank fraud, money laundering and multiple acts of obstruction of justice. The defendants James Ciaccia and Michael Tarul, a soldier and associate in the Gambino family, respectively, are charged in the Indictment with conspiring to make false statements relating to a scheme to fraudulently obtain certifications from the United States Department of Labor, Occupational Health and Safety Administration. The defendants were arrested on December 5, 2019, and subsequently arraigned on the Indictment before the Honorable Ramon E. Reyes, Jr.

---

[1] The government is continuing to speak with counsel for the remaining defendants and hopes to present proposed protective orders as to them shortly.

II.     Discussion

Following the unsealing of the Indictment, the government has compiled items to be disclosed pursuant to Rule 16 of the Federal Rules of Criminal Procedure, including (i) discovery materials that contain personal financial information and personally identifiable information ("PII") ("Protected Discovery Material"); (ii) discovery materials that identify potential government witnesses, including cooperating witnesses ("Protected Witness Discovery Material," together with the "Protected Discovery Material," the "Protected Materials"); and (iii) draft transcripts. The government is prepared to disclose such information subject to the entry of the proposed protective order.

Specifically, and as set forth in the proposed order, the government respectfully requests that the Court order that, among other things, the Protected Discovery Material not be disseminated beyond the defendants, their counsel and legal staff who have not agreed to be bound by the protective order. In addition, the proposed order specifies that Protected Witness Discovery Material may not be possessed by the defendants except in the presence of their attorneys or their attorneys' legal staff. As set forth below, the government makes this application because there is reason to believe that the dissemination of the Protected Discovery Material and the Protected Discovery Witness Material beyond the defense in this case will interfere with individuals' privacy, jeopardize the safety of the witnesses and victims in this case and may result in (additional) witness tampering.

Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that, upon a sufficient showing, a court may order that the discovery or inspection of material that is otherwise required be denied, restricted or deferred. A decision to enter such an order is a matter for the discretion of the district court, and will not be overturned absent an abuse of that discretion. United States v. Merrill, 746 F.2d 458, 465 (2d Cir. 1985). In addition, the Jencks Act does not create a proprietary right to any potential government witness's statements. The Act requires only that the government make such statements available to defendants for the purpose of cross-examination, and defines the timing of such disclosures. United States v. Garcia, 406 F. Supp. 2d 304, 305 (S.D.N.Y. 2005) ("Jencks requires the Government to produce copies of its witnesses' statements for inspection by the defense, for purposes of cross examination. It does not give defendants a property interest in such statements, or require the multiplication of copies of internal prosecution notes or reports for whatever use the defendants choose to make of them.").

The danger posed to witnesses as a result of the unwarranted disclosure of discovery and Jencks Act materials is significant. Dissemination increases the risk to cooperating witnesses and their families even if their cooperation has previously been disclosed. As the court in Garcia explained:

> There will be cases . . . in which a casual attitude toward the handling of 3500 material is ill advised. . . . In particular, the wide dissemination of statements by cooperating witnesses who are

2

>regarded as "snitches" or "rats" by their criminal associates . . . poses obvious dangers. It is not enough to say . . . that the damage is done by the mere disclosure that a witness has cooperated with the authorities. Hard evidence of the witness's betrayal can facilitate retaliation or intimidation of the witness. It is therefore appropriate, in a case where such retaliation may be feared, to restrict the circulation of such material.

Garcia, 406 F. Supp. 2d at 306.

This same rationale holds true for the witnesses, victims and other relevant individuals in this case. For instance, the defendants are charged with crimes as part of their affiliation with the Gambino family, a violent criminal organization with a proven history of retaliating against government witnesses, which counsels in favor of the requested relief. See, e.g., United States v. Basciano, 03-CR-929 (NGG), ECF Dkt. No. 602 (E.D.N.Y. Jun. 30, 2006) (reaffirming prior protective order preventing dissemination of Jencks Act material and return of that material in light of "(1) evidence of Defendants participation in violent acts within a criminal conspiracy that has been involved in witness tampering; (2) the Government's plan to present witnesses whose locations were undisclosed; and (3) the widespread distribution of 3500 material to members of the Bonanno organized crime family and members of the federal defense bar by the defendant Joseph Massino and his trial counsel, respectively, in a prior related case"); United States v. Gotti, 2004 WL 2274712, *3 (S.D.N.Y. Oct. 7, 2004) (noting that within RICO indictment, there "are multiple charges suggesting a willingness to employ violence and coercion against anyone who would cooperate with authorities against the Gambino Family"); United States v. Gotti, 2002 WL 31946775 (E.D.N.Y. Jun. 10, 2002); Mangialino v. United States, 1999 WL 401682 (S.D.N.Y. Jun. 17, 1999); see also United States v. Russo, 302 F.3d 37 (2d Cir. 2002) (affirming conviction of then Colombo family captain Andrew Russo for witness tampering, obstruction of justice and hindering an FBI investigation); United States v. Persico, et al., 04-CR-911(JS), 2008 WL 5146654 (E.D.N.Y. Dec. 8, 2008) (noting that then Colombo family acting boss Alphonse Persico and John DeRoss were convicted of, among other things, conspiracy to tamper with a witness and witness tampering).

In addition, numerous defendants have obstructed justice by, among other things, retaliating against a witness for having testified in the grand jury and, as to Martino, obstructing the government's collection of the outstanding portion of a forfeiture money judgment. In addition, the Protected Witness Discovery Material – including consensual recordings and various documentary evidence – reveals the identity of many potential government witnesses, including cooperating witnesses. Moreover, the discoverable material includes, among other things, vast amounts of PII, and therefore restricting the disclosure of these materials beyond the defense is appropriate to safeguard privacy interests.

Although the Protected Materials are discoverable pursuant to Rule 16, rather than the Jencks Act, the rationale articulated in Garcia applies here and is, if anything, intensified, because when such material is provided pursuant to Rule 16, the defendants and

3

coconspirators have more time to destroy evidence and to retaliate against and/or intimidate witnesses. In this case, the defendants have a powerful incentive to prevent witnesses from testifying in this matter. Indeed, certain defendants have already demonstrated their willingness to interfere with the government's investigation by retaliating against a grand jury witness. Further, a substantial portion of the Protected Materials – including forensic reports of cellular telephones and bank records – are extremely sensitive and personal in nature and should not be disclosed beyond the defense. For these reasons, the government respectfully requests that the Court enter the enclosed proposed protective order.

The proposed protective order restricting dissemination of the Protected Material will not prejudice these defendants (who are not in custody). Similar motions have been made and granted routinely by courts in this District, most often (but not always) on consent from the defendants. See, e.g., United States v. Sanchez, et al. 19-CR-14 (AMD), ECF Dkt. No. 59 (Order dated Feb. 19, 2019); United States v. Nimmons, 17-CR-164 (ENV), ECF Dkt. No. 55 (Order dated May 3, 2017); United States v. Balance, et al., 16-CR-617 (BMC), ECF Dkt. No. 63 (Order dated Mar. 8, 2017); United States v. Gershman, et al., 16-CR-553 (BMC), ECF Dkt. No. 82 (Order dated Jan. 15, 2017); United States v. Parnis, et al., 16-CR-526 (BMC), ECF Dkt. No. 17 (Order dated Jan. 6, 2017); United States v. Belardo, et al., 16-CR-297, ECF Dkt. No. 80 (Order dated Aug. 26, 2016) (AMD); United States v. Clinkscale, 16-CR-299 (ARR), ECF Dkt. No. 17 (Order dated July 14, 2016); United States v. Jason Soto, 16-CR-298 (ILG), ECF Dkt. No. 13 (Order dated July 20, 2016); United States v. Young, 16-CR-296 (BMC), ECF Dkt. No. 15 (Order dated June 28, 2016); United States v. Agousto, 16-CR-168 (PKC), ECF Dkt. No. 49 (Order dated Apr. 29, 2016); United States v. Solomon Artis, et al., 15-CR-287 (WFK), ECF Dkt. No. 34 (Order dated June 23, 2015).

III.    Conclusion

        Accordingly, the government respectfully requests that the Court enter the enclosed proposed protective order, which has been signed by the government and counsel for the defendants James Ciaccia, Richard Martino and Michael Tarul, in counterparts, and are enclosed for the Court's consideration.

        Respectfully submitted,

        RICHARD P. DONOGHUE
        United States Attorney

By:     /s/_____
        Keith D. Edelman
        Kayla C. Bensing
        Assistant U.S. Attorneys
        (718) 254-6328/6279

Encl.

cc:    Clerk of Court (by ECF)
      Defense Counsel (by ECF)